■ KEVIN R. HACKETT, Respondent-Appellant, v MILBANK, TWEED, HADLEY & McCLOY, Appellant-Respondent.—Order, Supreme Court, New York County (Joan B. Lobis, J.), entered September 13, 1991, which granted petitioner's application to permanently stay arbitration and denied his motion for summary judgment in lieu of complaint pursuant to CPLR 3213, unanimously affirmed, without costs.

The IAS court properly stayed arbitration of the within claim that petitioner is entitled to certain payments upon withdrawing from respondent partnership. We agree with that

court's finding that respondent's partnership agreement incorporated forfeiture-for-competition clauses designed to deprive withdrawing partners, including petitioner, of payments otherwise due in violation of Code of Professional Responsibility DR 2-108 (A) and those portions of the agreement are therefore unenforceable as against public policy *(Cohen v Lord, Day & Lord,* 75 NY2d 95).

Having found that terms of the agreement essential to the within dispute were in violation of public policy, the court properly found that the dispute should be resolved in the courts rather than by arbitration *(Matter of Aimcee Wholesale Corp. [Tomar Prods.],* 21 NY2d 621). Finally, even assuming that the within dispute would be otherwise within the purview of Federal Arbitration Act (9 USC) § 2, we find that that statute does not override this State's exclusive jurisdiction over attorney discipline *(cf., Bates v State Bar,* 433 US 350), which mandates a finding that the within agreement is in violation of public policy and therefore also mandates a stay of arbitration.

Petitioner's argument on his cross appeal that the IAS court mistakenly entertained a motion for summary judgment in lieu of complaint on his behalf should be addressed to that court. Concur—Murphy, P. J., Ellerin, Wallach and Smith, JJ.